UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

NORMAN CLARK,                        **COMPLAINT**

                    Plaintiff,

                                        Docket No.:

            -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT P.O. JOHN DOE "1".,         **JURY TRIAL DEMANDED**
P.O. JOHN DOE "2", P.O. JOHN DOE "3",
P.O. JOHN DOE "4", P.O. JOHN DOE "5",
P.O. JOHN DOE "6" and P.O. JANE DOE,

                    Defendants.

---------------------------------------------------------------------X



Plaintiff, by his attorneys, STEPHEN R. KRAWITZ, LLC, as and for his Complaint,

respectfully alleges, upon information and belief:

1.      The plaintiff, NORMAN CLARK, at all times herein mentioned was and still is a

resident of the State of New York.

2.      At all times herein mentioned, defendant THE CITY OF NEW YORK was and

still is a municipal corporation, created, organized and existing under and by virtue of the laws of

the State of New York.

3.      At all times herein mentioned, defendant THE NEW YORK CITY POLICE

DEPARTMENT was and still is a governmental department and/or subdivision of THE CITY

OF NEW YORK,  created, organized and existing under and by virtue of the laws of the State of

New York.

4.      At all times herein mentioned, defendant P.O. JOHN DOE "1"  was and still is an

employee of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE

DEPARTMENT, which are municipal corporations and/or entities, created, organized and

existing under and by the virtue of the laws of the State of New York.

5.     At all times herein mentioned, defendant, P.O. JOHN DOE "2", was and still is an employee of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, which are municipal corporations and/or entities, created, organized and existing under and by the virtue of laws of the State of New York.

6.     At all times herein mentioned, defendant, P.O. JOHN DOE "3" was and still is an employee of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, which are municipal corporations and/or entities, created, organized and existing under and by the virtue of laws of the State of New York.

7.     At all times herein mentioned defendant P.O. JOHN DOE "4", was and still is an employee of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, which are municipal corporations and/or entities, created, organized and existing under and by the virtue of laws of the State of New York.

8.     At all times herein mentioned defendant P.O. JOHN DOE "5", was and still is an employee of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, which are municipal corporations and/or entities, created, organized and existing under and by the virtue of laws of the State of New York.

9.     At all times herein mentioned defendant, P.O. JOHN DOE "6" was and still is an employee of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, which are municipal corporations and/or entities, created, organized and existing under and by the virtue of laws of the State of New York.

10.     At all times herein mentioned defendant, P.O. JANE DOE  was and

still is an employee of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE

DEPARTMENT, which are municipal corporations and/or entities, created, organized and

existing under and by the virtue of laws of the State of New York.

11.     This action is brought pursuant to 42 U.S.C Section 1983 therefore venue

is proper.

12.     At all times herein mentioned, defendants THE CITY OF NEW YORK and THE

NEW YORK CITY POLICE DEPARTMENT created, organized and existing under and by

virtue of the laws of the State of New York are proper parties in this District Court.

13.     That on or about August 10, 2007, plaintiff NORMAN CLARK was an invited

guest at a friend's house when he was physically assaulted, and thrown about, and accused of

distributing and/or selling illegal narcotics by the defendants, THE CITY OF NEW YORK and

THE NEW YORK CITY POLICE DEPARTMENT, defendants servants, agents and/or

employees.

14.     That on or about August 10, 2007, plaintiff NORMAN CLARK was an invited

guest at a friend's house when he was physically assaulted, and thrown about and accused of

distributing and or selling illegal narcotics by the defendants P.O. JOHN DOE "1", P.O. JOHN

DOE "2", P.O. JOHN DOE "3", P.O. JOHN DOE "4", P.O. JOHN DOE "5", P.O. JOHN DOE

"6", and P.O. JANE DOE  defendants' servants, agents and/or employees.

15.     That on or about August 10, 2007, P.O. JOHN DOE "1", P.O. JOHN DOE "2",

P.O. JOHN DOE "3", P.O. JOHN DOE "4", P.O. JOHN DOE "5", P.O. JOHN DOE "6", and

P.O. JANE DOE  were employees of the defendants THE CITY OF NEW YORK and THE

NEW YORK CITY POLICE DEPARTMENT and were assigned to maintain, supervise, and

-3-

police certain areas within the City of New York.

16.    Defendants and/or their agents, servants and employees at all times herein alleged were acting under the color of governmental authority.

17.    The plaintiff was assaulted by the defendants herein under the color of governmental authority.

18.    The plaintiff's civil and Constitutional rights were abridged and violated by the defendants in that they arrested him without due cause, incarcerate him against his will and without due process of law, falsely imprisoned him and deprived his freedom and liberty, assaulted him and failed to protect him against physical assaults and others, all under the governmental authority.

19.    That no conduct on the part of the plaintiff contributed to the occurrences alleged herein in any manner whatsoever.

20.    That as a direct and proximate result of defendants' negligent, careless and reckless conduct, plaintiff was caused to sustain serous injuries and to have suffered severe pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and as a further result, plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

21.    That plaintiff was exonerated, released and discharged from any and all criminal charges brought against him as a result of the actions of the defendants herein.

22.    That because of the above stated, plaintiff NORMAN CLARK was damaged in an amount exceeding the jurisdictional limits of this Court.

-4-

WHEREFORE, plaintiff NORMAN CLARK, demands judgment against the defendants in a sum exceeding the minimal jurisdictional limits of this court, together with costs and disbursements of this action.

Dated:  New York, NY
        May 25, 2008

_____
STEPHEN R. KRAWITZ, LLC.
By: Stephen R. Krawitz, Esq. (8770SRK)
Attorneys for Plaintiff
271 Madison Avenue, Suite 200
New York, NY 10016
212-682-0707

-5-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

NORMAN CLARK,

                           Plaintiff,

                -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT P.O. JOHN DOE "1".,
P.O. JOHN DOE "2",  P.O. JOHN DOE "3",
P.O. JOHN DOE "4",  P.O. JOHN DOE "5",
P.O. JOHN DOE "6" and P.O. JANE DOE,

                       Defendants.
-------------------------------------------------------------------------X

**INDEX NO.**
**CAL. NO.**

**ATTORNEY'S**
**CERTIFICATION**

      Stephen R. Krawitz, an attorney duly admitted to practice law in the State of New York,

makes the following affirmation under the penalty of perjury:

      I am a partner of the firm of STEPHEN R. KRAWITZ, LLC., the attorneys of record for

the plaintiff.

      I have read the foregoing Complaint and know the contents thereof; the same is true to

my own knowledge except as to the matters therein stated to be alleged on information and belief

and that as to those matters, I believe them to be true.

      The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge

are correspondence had with the said plaintiffs, information contained in the said plaintiffs' file,

which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       May 25, 2008

                                     _____
                                    STEPHEN R. KRAWITZ, ESQ.

Sworn to before me on this
25th day of May, 2008

_____
Notary Public

LISA SALZBERG
Notary Public, State of New York
No. 02SA6173182
Qualified in Richmond County
Commission Expires Aug. 20, 20__

-6-